HOFFMAN, Respondent, vs. LINCOLN COUNTY, Appellant.

*December 1—December 15, 1908.*

*County judges: Compensation: Appeal and error: Questions presented
for review: Conclusiveness of findings: Officers: Per diem com-
pensation: Splitting days: Judicial day's work: Statutes.*

1. Under sec. 694, Stats. (1898), providing that the county board
shall fix the salaries of county officers, including the county
judge, in the absence of other specific provisions the salary of
a county judge so fixed constitutes the sole compensation for
all services which the law requires of him.
uder sec. 2454, Stats. (1898), as amended by ch. 45, Laws of
1903, judges of county courts which do not have civil jurisdic-
tion are entitled to a *per diem* compensation for hearing appli-
cations for permits allowing minors to labor, except in counties
where provision is otherwise made by law.

3. The county court of Lincoln county is endowed with civil juris-
diction by ch. 249, Laws of 1895, and sec. 9 thereof provides
that, in all matters, actions, and proceedings of which the
county court and the judge thereof "had jurisdiction before the
passage of this act," it should be lawful for him to receive and
charge the same fees and *per diem* as theretofore allowed by
law for like services, to be paid in like manner. Ch. 109, Laws
of 1891, in force in 1895, prohibiting the employment of chil-
dren under fourteen years of age in certain occupations, except
upon a permit to be obtained from the county judge after ex-
amination into the circumstances, further provided that "no
charge or fee shall be *required* under this section." *Held:*

(1) The word "required" indicates that the intent was to
make sure that the application should be entirely free to the
applicant and to prevent the county judge from requiring such
applicant to pay anything in order to secure the permit.

(2) The county judge of Lincoln county was entitled to his
*per diem* compensation from the county for time actually en-
gaged in considering applications for child labor permits at the
time of the passage of the act giving his court civil jurisdiction.

(3) The county judge of Lincoln county was entitled to a
*per diem* compensation for his services in examining and pass-
ing upon applications for such permits in 1906.

4. A finding is conclusive on appeal where there is no exception
thereto and the evidence is not preserved by bill of exceptions.

5. While, as a general rule, under statutes allowing a *per diem*

compensation to officers for services, a day cannot be split up, and the officer is entitled to a full day's pay if any time was occupied in the service, although the whole day is not consumed, the use of the words "for each day he shall be actually engaged" in the matter, is *held* indicative of an intention only to allow for time actually consumed.

6. Such construction necessitates a splitting up of days and a charge by the hour, and in the instant case, in the absence of any error assigned or argued upon the decision of the lower court that six hours constituted a day's work for a county judge, such decision is affirmed, without committing this court in any way upon the question as to the proper length of a judicial day.

7. Where a statutory charge for an officer is limited to $5 per day it means a calendar day, and, where the number of hours constituting a day is fixed, such officer cannot, by working over hours, entitle himself to more than the *per diem* allowance for any one calendar day.

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Modified and affirmed.*

*Ralph E. Smith,* for the appellant.

For the respondent there was a brief by *Smart & Curtis,* and oral argument by *M. G. Hoffman.*

WINSLOW, C. J. The plaintiff, who is the county judge of *Lincoln* county, filed with the county clerk an itemized claim against the county, in which, among other items, he claimed payment at the rate of $5 per day for time spent by him, from November, 1905, to November, 1906, in hearing and deciding applications for permits allowing minors under sixteen years of age to labor, under the provisions of the child labor laws of the state. The county board having disallowed these items, the plaintiff appealed to the circuit court, which court allowed the claim as presented, and the county appeals.

The questions here presented are purely questions of statutory construction. Sec. 694, Stats. (1898), provides that the county board shall fix the salaries of county officers, includ-

ing the county judge. In the absence of other specific provisions the salary so fixed would doubtless constitute his sole compensation for all services which the law requires of him. Sec. 2454, Stats. (1898), as amended by ch. 45, Laws of 1903, however, contains other provisions which bear upon the question. This section prohibits a county judge from charging or receiving any fees for services in probate proceedings and certain other cognate matters, except in counties where it is otherwise provided by law, but also provides that the judge of any court *not vested with civil jurisdiction* shall be entitled to receive $5 per day from the county treasury for each day *actually engaged* in criminal examinations or in other matter, not appertaining to probate business, compensation for which is not otherwise provided. This law, with certain differences not material here, has been in force since 1880. 2 S. & B. Ann. Stats. secs. 2454, 2454b. The hearing of applications for permits allowing minors to labor is certainly a matter not appertaining to probate business, and, as the child labor law provides no compensation for such service, it seems that judges of county courts which do not have civil jurisdiction are entitled to a *per diem* compensation under this section, except in counties where provision is otherwise made by law. The county court of Lincoln county was, however, endowed with civil jurisdiction by ch. 249, Laws of 1895, and thus no *per diem* compensation can be allowed to its judge unless his right thereto be saved by some special provision. Sec. 9 of the last-named chapter, after giving the county judge the same fees as justices of the peace in actions and proceedings brought before him under the law, provides that, in all matters, actions, and proceedings of which the county court and the judge thereof "had jurisdiction before the passage of this act," it should be lawful for him to receive and charge the same fees and *per diem* as theretofore allowed by law for like services, to be paid in like manner.

The question, therefore, is whether such proceedings are proceedings of which the county judge had jurisdiction, and for which he was entitled to receive compensation from the county, prior to the passage of the act giving the court civil jurisdiction.    This inquiry involves some examination of the child labor statutes.    The law in force in 1895 was ch. 109, Laws of 1891, which prohibited the employment of children under fourteen years of age in certain occupations, except upon a permit to be obtained from the county judge after examination into the circumstances, and further provided that "no charge or fee shall be required under this section." So it appears that the county judge had jurisdiction of a proceeding of this nature at the time of the passage of the act of 1895; but it is claimed that the provision that no charge or fee should be required by him prevented his recovery of a *per diem* compensation from the county.    We do not give the words that construction, however, nor do we think that they were intended for that purpose.    The word "required" is quite significant, and we think quite clearly indicates that the intent was to make sure that the application should be entirely free to the applicants and to prevent the county judge from requiring such applicant to pay anything in order to secure the permit.    If this view be correct, it follows that the county judge was entitled to his *per diem* compensation from the county for time actually engaged in considering applications for child labor permits at the time of the passage of the act giving his court civil jurisdiction.

It is true that there have been considerable changes made in the child labor laws, and they have been amplified so as to include other occupations and cover children under sixteen years of age, by ch. 274, Laws of 1899, ch. 182, Laws of 1901, and ch. 349, Laws of 1903, and it is also true that a number of other officers may now grant permits; but, after all, the proceeding before the county judge has remained substantially the same proceeding that it was in 1895, namely,

a proceeding to determine whether in the judgment of the county judge a minor under a certain age should be permitted to labor for others, and, if so, under what restrictions and conditions. From this conclusion it follows that the plaintiff was entitled to be allowed a *per diem* compensation for his services in examining and passing upon applications for such permits.

In making up his account the plaintiff made it on the basis that six hours constituted a day's work, and then proceeded to charge for his time spent in hearing each application at the rate of eighty-three cents an hour for the time actually occupied. In most cases the charge was for a single hour, but in some cases it was for an hour and a half. The court found that the plaintiff actually consumed the amounts of time stated in his bill in performing the services charged for, and there is no exception to the finding, nor is the evidence preserved by bill of exceptions; hence the finding is conclusive. While no attack was made by appellant upon this method of splitting up a day and making charges by the hour upon the basis of a day of six hours, our attention has been directed to the matter, and it seems that the question of the correctness of this method may properly be considered.

It has sometimes been held that, under statutes allowing a *per diem* compensation to officers for certain services, a day could not be split up, and that the officer was entitled to a full day's pay if any time was occupied in the service, although the whole day was not consumed. *Smith v. Jefferson Co.* 10 Colo. 17, 13 Pac. 917. We are not inclined, however, to give this construction to the law before us. The words "for each day he shall be *actually engaged*" in the matter seem to us clearly indicative of the intention only to allow for the time actually consumed. This construction necessitates a splitting up of days and a charge by the hour, and a charge by the hour necessitates the establishment of some arbitrary number of hours as a day's work. In this case six

hours was considered a day's work, and no contention is made that a longer time should have been fixed. In the absence of any error assigned or argued upon the point, we do not feel required to consider or determine the question of the proper length of the judicial day, and this decision is not to be considered as committing the court in any way upon the question. No objection being made by the defendant, we simply pass the question. It appears, however, that on May 31st he charged $6.23 for seven and one-half hours' work, and on June 1st $11.22 for thirteen and one-half hours. These charges cannot be approved. The statutory charge is limited to $5 per day, and this means a calendar day. He could not, by working over hours, entitle himself to more than the *per diem* allowance for any one calendar day. *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460. These items, therefore, must each be reduced to the sum of $5. This results in a reduction of the claim in the sum of $7.45.

*By the Court.*—The judgment is modified by deducting therefrom $7.45, and as so modified is affirmed, with costs to respondent.